UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Craig Clark</u>

    v.                              Civil No. 05-cv-415-JD

<u>United States of America</u>


<u>O R D E R</u>

    Petitioner has filed a motion pursuant to 28 U.S.C. § 2255 seeking to vacate his sentence.  The petitioner claims that as a result of the decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005), it was error for the court to make a two-level upward adjustment for obstruction of justice pursuant to U.S.S.G. § 3C1.1 based on the court's finding by a preponderance of the evidence that the petitioner obstructed justice.  In addition, the court declined to give the petitioner a three-level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. 3E1.1.  As a result, the petitioner's total offense level was 36 (188 to 235 months) instead of 31 (108 to 135 months).  The petitioner was sentenced to 223 months.

    The following is a chronological outline of the history of this case:

    June 1, 1994 - Petitioner waives indictment and pleads guilty to a two count information charging him with conspiracy to interfere with commerce by threats of violence (count one) and

interference with commerce by threats of violence (count two).

September 22, 1994 - Petitioner sentenced by Judge Barbadoro to 188 months on each count, and supervised release for three years on each count, to run concurrently.

September 30, 1994 - Petitioner files a notice of appeal contending that the government breached its plea agreement and the court used the preponderance of the evidence standard instead of the reasonable doubt standard in determining whether he obstructed justice.

May 30, 1995 - The United States Court of Appeals for the First Circuit remanded the case for resentencing before a different judge because the government breached its plea agreement.  The appeals court did not reach the other issue raised by the petitioner on appeal. United States v. Clark, 55 F.3d 9 (1st Cir. 1995).

November 13, 1995 - Petitioner is sentenced by Judge DiClerico to 223 months on each count, and supervised release of three years on each count, to run concurrently.

November 28, 1995 - Petitioner files a notice of appeal. The petitioner claimed that the more severe sentence which he received on resentencing violated his right to due process; that in finding the petitioner obstructed justice, the court should not have used the preponderance of the evidence standard; and

that his testimony was not viewed in the light most favorable to him.

May 30, 1996 – The United States Court of Appeals for the First Circuit affirmed the sentences.  <u>United States v. Clark</u>, 84 F.3d 506 (1st Cir. 1996).

October 7, 1996 – Certiorari denied by the United States Supreme Court.  <u>Clark v. United States</u>, 519 U.S. 909 (1996).

Motions filed pursuant to 28 U.S.C. § 2255 are subject to a one year statute of limitations that in this case began to run on the date on which the judgment of conviction became final.  A claim based on section 2255 may be maintained more than one year after the date on which the petitioner's conviction became final if (1) the petitioner was prevented from making the motion earlier by an illegal governmental action; (2) the Supreme Court recognized the right on which the petition is based after petitioner's conviction became final and the right is made retroactively applicable to cases on collateral review; or (3) petitioner could not reasonably have discovered the facts on which his claim is based until after his conviction became final.  In this case, the petitioner's conviction became final on October 7, 1996, the date on which the United States Supreme Court denied his petition for certiorari.  None of the above-mentioned exceptions apply in this case.

The petitioner suggests that the doctrine of equitable tolling should apply in this case to permit him to have the issues raised in this petition addressed. However, the court finds that there are no exceptional circumstances which would permit the application of that doctrine. Even if there were such circumstances, that would not be of any help to the petitioner because <u>Booker</u> has not been made retroactive by the United States Supreme Court to cases on collateral review. Therefore, the provisions of section 2255 expressly prevent the consideration of this petition by the court, and the doctrine of equitable tolling cannot be applied in contravention of such express statutory provisions. The court also notes that the United States Court of Appeals for the First Circuit has found that <u>Booker</u> is not retroactive. <u>United States v. Frazer</u>, 401 F.3d 9, 10-11 (1st Cir. 2005).

Under the foregoing circumstances, the court rules that the petition must be dismissed.

Petition dismissed.

SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

December 6, 2005

cc: Craig J. Clark, pro se